**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION**

| | |
|---|---|
| **GRADUATE MEDICAL EDUCATION DEVELOPMENT, LLC,** § § § | |
| Plaintiff, § § | |
| VS. § § | CIVIL ACTION NO. _____ |
| **UNITED STATES OF AMERICA,** § § § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, GRADUATE MEDICAL EDUCATION DEVELOPMENT, LLC, ("GMED" or the "Plaintiff"), and makes this its Plaintiff's Original Complaint for Declaratory Judgment and would show this Court as follows:

**I.**

**Parties**

1. Plaintiff, Graduate Medical Education Development, LLC, is a Texas limited liability company with its principal place of business located in Houston, Harris County, Texas.

2. Defendant, the United States of America, may be served pursuant to Fed. R. Civ. P. 4(i)(1) by: (A) delivering a copy of the summons and complaint to the United States Attorney, via registered or certified mail, by and through the Civil Process Clerks designated by the Department of Justice in its December 14, 2022 memorandum on file with the Clerk of the Southern District of Texas, being either Jeane Thode or Cheryl Carey, at 1000 Louisiana, Suite 2300, Houston, Texas 77002 and (B) delivering a copy of the summons and complaint to the Attorney General of the United States at Washington, D.C., via registered or certified mail, at "Attorney General of the

1

United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001."

## II.

### Jurisdiction and Venue

3. The Court has subject matter jurisdiction over the matter under 28 U.S.C. § 1331, because the action arises under the laws of the United States. The Plaintiff is seeking a declaratory judgment under 28 U.S.C. § 2201 of the enforceability of a promissory note by the United States Department of Treasury for a payroll/utilities etc. loan made to the Plaintiff under the Paycheck Protection Program. In addition, the Plaintiff is seeking a declaratory judgment that the loan was eligible for forgiveness under the rules in effect at the time the application was submitted that were issued by the Small Business Administration ("SBA") implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") (the Paycheck Protection Program Rule) 15 U.S.C. § 636(a)(36) (Definition of Payroll Costs), including 13 C.F.R. § 121.201 and 13 C.F.R. § 123.300(e). Jurisdiction is also property under 28 U.S.C. § 1346(a), because the United States of America is a defendant.

4. Venue is proper in this district under 28 U.S.C. § 1402(a)(2), because the Plaintiff's principal place of business is in this district.

## III.

### Background Facts

5. On or about April 9, 2020, the Plaintiff applied to the Small Business Administration (the "SBA") for a Paycheck Protection Payment loan in the amount of $325,000.00 (the "PPP Loan"). The PPP Loan was funded by JPMorgan Chase Bank, N.A. ("Chase"), which was a lender

authorized to make loans under the SBA's Paycheck Protection Program. On April 9, 2020, the Plaintiff executed a promissory note in the amount of $325,000.00 to Chase for the PPP Loan.

6. The Plaintiff used the PPP Loan proceeds to pay its workers' wages and utilities during COVID.

7. On or about March 15, 2021, Chase sent an email informing the Plaintiff that it was eligible to submit an online request for forgiveness of the PPP Loan. The Plaintiff promptly submitted its online request. On March 22, 2021, Chase sent an email acknowledging receipt of the request for forgiveness of the PPP Loan.

8. On March 23, 2021, Chase sent an email requesting certain additional information from the Plaintiff to process the online request for forgiveness of the PPP Loan. The Plaintiff complied and submitted the requested information. Chase denied the application for forgiveness of the PPP Loan on the grounds that no Form W-2 wage statements were attached. The proof of payment of the workers were Form 1099 statements, as the Plaintiff's workers were contract workers.

9. Chase charged off the loan and it was referred to the SBA, which in turn referred the PPP Loan balance for collection by the United States of America, Department of the Treasury, Bureau of the Fiscal Service ("Treasury"). On March 22, 2023, Treasury sent the Plaintiff a letter demanding payment of $427,095.41 on the PPP Loan.

IV.

**Causes of Action**

10. The Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that the PPP Loan is subject to forgiveness and is no longer due and payable. Under 15 U.S.C. § 636m, the PPP Loan is subject to forgiveness. Section 636m(b) provides as follows:

> **(b) Forgiveness.** An eligible recipient shall be eligible for forgiveness of indebtedness on a covered loan in an amount equal to the sum of the following costs incurred and payments made during the covered period:
>
> (1) Payroll costs.
> (2) Any payment of interest on any covered mortgage obligation(which shall not include any prepayment of or payment of principal on a covered mortgage obligation).
> (3) Any payment on any covered rent obligation.
> (4) Any covered utility payment.
> (5) Any covered operations expenditure.
> (6) Any covered property damage cost.
> (7) Any covered supplier cost.
> (8) Any covered worker protection expenditure.

15 U.S.C. § 636m(b). The Plaintiff is an "eligible recipient," because it was the recipient of a "covered loan." 15 U.S.C. § 636m(a)(10). The term "covered loan" means a loan guaranteed under 15 U.S.C. § 636(a)(36). The term "covered loan" is defined in 15 U.S.C. § 636(a)(36)(A)(ii) to mean a loan made under the Payroll Protection Plan during the covered period. The term "payroll costs" is defined under 15 U.S.C. § 636(a)(36)(A)(viii) to mean:

> **(aa)** the sum of payments of any compensation with respect to employees that is a—
>   **(AA)** salary, wage, commission, or similar compensation;
>   **(BB)** payment of cash tip or equivalent;
>   **(CC)** payment for vacation, parental, family, medical, or sick leave;
>   **(DD)** allowance for dismissal or separation;
>   **(EE)** payment required for the provisions of group health care or group life, disability, vision, or dental insurance benefits, including insurance premiums;
>   **(FF)** payment of any retirement benefit; or
>   **(GG)** payment of State or local tax assessed on the compensation of employees; and

> **(bb)** the sum of payments of any compensation to or income of a sole proprietor or independent contractor that is a wage, commission, income, net earnings from self-employment, or similar compensation and that is in an amount that is not more than $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred;

15 U.S.C. § 636(a)(36)(A)(viii). The Payroll Protection Program expressly allowed for payment of contract 1099 workers as a covered payroll expenses. The statute provides:

> **(II)Considerations.**—In evaluating the eligibility of a borrower for a covered loan with the terms described in this paragraph, a lender shall consider whether the borrower—
> **(aa)** was in operation on February 15, 2020; and
> **(bb)**
>   **(AA)** had employees for whom the borrower paid salaries and payroll taxes; or
>   **(BB)** paid independent contractors, as reported on a Form 1099–MISC.

15 U.S.C. § 636(a)(36)(F)(II). The term "covered utility payment" means "payment for a service for the distribution of electricity, gas, water, transportation, telephone, or internet access for which service began before February 15, 2020." 15 U.S.C. § 636m(a)(8). There is no question that the Plaintiff's PPP Loan should be forgiven under the applicable law. This is reinforced by the Treasury regulations at 86 F.R. 3692 and 86 F.R. 15083; 13 C.F.R. § 123.300(e).

11. The Plaintiff applied for and received its PPP Loan as a covered loan during the covered period of COVID under the Payroll Protection Program. The Plaintiff used its PPP Loan proceeds on covered payroll costs and utilities. The PPP Loan is subject to forgiveness under the statutes and regulations. This Court should enter a declaratory judgment accordingly.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that after trial on all issues, this Court enter a declaratory judgment in favor of the Plaintiff over and against the United States of America and award the Plaintiff its costs of court.

DATED:        October 30, 2023              Respectfully submitted,

                                                      **THE PROBUS LAW FIRM**

By: /s/ Matthew B. Probus
        **Matthew B. Probus**
        State Bar No. 16341200
        Federal ID 10915
        matthewprobus@theprobuslawfirm.com

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

*ATTORNEYS FOR PLAINTIFF,*
*GRADUATE MEDICAL EDUCATION*
*DEVELOPMENT, LLC*